**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANTHONY LEROY DAVIS,

Petitioner - Appellant,

v.

DAN SCHNURR,

Respondent - Appellee.

No. 22-3131
(D.C. No. 5:20-CV-03269-SAC)
(D. Kan.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Petitioner Anthony Leroy Davis, a Kansas state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 petition. The district court denied Davis a COA. To obtain a COA, Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, Davis must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citation omitted). We

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conclude that the district court's ruling is not reasonably debatable. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Davis's request for a COA

and dismiss the matter.

## BACKGROUND

In 1989, a Kansas state jury convicted Davis of first-degree felony murder,

aggravated robbery, and aggravated arson. *State v. Davis* (*Davis I*), 802 P.2d 541, 543

(Kan. 1990). Davis was sentenced to life in prison. In 2016, Davis punched a correctional

officer in the eye. *State v. Davis* (*Davis II*), 449 P.3d 1232, at *1 (Kan. Ct. App. 2019)

(unpublished table decision) (per curiam). State prosecutors charged Davis with battery

of a law-enforcement officer under Kansas law.

In November 2017, the state held a jury trial for Davis's battery charge. Multiple

state witnesses, including the officer Davis punched, testified that Davis was an inmate in

Kansas prison. Davis also testified that he was an inmate and had "been in prison a long

time." *Id.* at *2.

For his trial, correctional officers transported Davis to the courtroom in chains

before the court seated the jury. Davis was never physically restrained before the jury.

But during the first day of trial, one of the correctional officers began clanging the chains

used to transport Davis (apparently left in the courtroom) during witness testimony. The

clanging occurred within earshot of the jury. Also during trial, a uniformed officer

escorted Davis to the stand and sat near him while he testified. Davis did not timely

object to either the sound of the chains or the officer escort. *Id.* But later, Davis moved

for a mistrial, claiming prejudice from the chain-clanging incident and the officer escort.

The court ruled that neither rose to the level of prejudice necessary for a mistrial. First, the jury knew from testimony that Davis was an inmate, and the jury had not been paying attention to the sound of the chains. Second, the officer escort was a reasonable security practice given Davis's life sentence for a violent crime and the exit door near the witness stand. The court denied Davis's motion for a mistrial.

The jury convicted Davis, and the judge sentenced him to sixty-five months' imprisonment for the battery charge. Davis appealed his conviction, arguing that the sound of the chains and the officer escort violated his presumption of innocence. *Id.* The Kansas Court of Appeals affirmed his conviction, concluding that the chain-clanging incident and the officer escort did not deprive Davis of his presumption of innocence. *Id.* at *1, 3–4. And the Kansas Supreme Court denied Davis's petition for review.

Davis, pro se, then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. The district court liberally construed Davis's petition and found it contained only one constitutional claim: the combination of the chain-clanging incident and the officer escort at trial deprived him of his constitutional right to a presumption of innocence. *Davis v. Schnurr* (*Davis III*), No. 20-3269-SAC, 2022 WL 2116294, at *2 (D. Kan. June 13, 2022).

The district court denied Davis's petition for habeas relief. *Id.* at *1. First, the district court found no Supreme Court case law clearly establishing "the constitutional implications of a situation in which restraints not in use made noise in front of a jury." *Id.* at *4. Second, the district court ruled that Davis failed to show that the officer escort was "inherently prejudicial." *Id.* at *4–5. The district court also denied Davis a COA, finding

3

that he failed to "ma[ke] a substantial showing of constitutional error in the state courts." *Id.* at *5.

Davis timely appealed the district court's dismissal of his habeas petition and seeks a COA.[1]

## ANALYSIS

In determining whether to grant a COA, we perform a threshold inquiry. *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). We ask only whether the underlying constitutional claim is debatable—we do not seek to resolve it. *Id.* Because Davis is a state prisoner seeking habeas relief, we must also defer to the state court's decisions under the framework of 28 U.S.C. § 2254(d). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Section 2254(d) requires Davis to show that the Kansas decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). The district court found that Davis could not make either showing. We agree.

The district court concluded that, even construing Davis's pleadings liberally, he did not challenge the district court's decision because of an unreasonable determination of the facts. *Davis III*, 2022 WL 2116294, at *4. After reviewing Davis's pleadings, we

---

[1] Davis also moves this court to appoint a special master under Federal Rule of Appellate Procedure 48(a). Rule 48(a) allows us to appoint a special master "to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court." Davis's application for a COA is not an ancillary matter, and we need no additional factual determinations to decide whether to grant him a COA. A special master is unavailable and unnecessary. We deny Davis's motion.

agree. We thus consider if reasonable jurists would debate whether the Kansas appellate decision contradicted or unreasonably applied clearly established federal law. § 2254(d)(1).

"[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck v. Missouri*, 544 U.S. 622, 629 (2005). But even when a defendant is restrained during trial, we do not presume prejudice if there is no evidence that any juror noticed the restraints. *United States v. McKissick*, 204 F.3d 1282, 1299 (10th Cir. 2000).

Here, Davis was unrestrained, and an officer rattled the chains on a chair during witness testimony. The Kansas trial court found that the jury was listening to testimony rather than paying attention to the sound of the chains. There is no evidence that any juror noticed the sound of the chains, so we will not presume the chain-clanging incident prejudiced Davis. *See id.* Even if the jury did notice the sound of the chains, multiple witnesses—including Davis himself—testified about his status as an inmate. So the chain-clanging incident could not unduly prejudice Davis by revealing his custodial status.

As for the officer escort, the Supreme Court has held that, unlike visible restraints, "the conspicuous . . . deployment of security personnel in a courtroom during trial" is not inherently prejudicial. *Holbrook v. Flynn*, 475 U.S. 560, 568–69 (1986). In *Holbrook*, the Court held that the defendant was not prejudiced when four uniformed, armed officers sat in the front row of the courtroom throughout the trial. *Id.* at 570–72. In contrast, Davis

contends that he was prejudiced by one correctional officer walking beside him and remaining near him while he testified. Davis has made even less of a showing of prejudice than the defendant in *Holbrook* because he was only accompanied by one guard. *See id*. And like the Court reasoned in *Holbrook*, any "slight degree of prejudice" that the officer escort may have created was justified by Kansas's need to protect the public and other officers from Davis's violent outbursts. *See id.* at 571–72 (reasoning that the armed officers' presence was justified by a "need to maintain custody over defendants who had been denied bail"). Davis was serving a life sentence for violent crimes, and he faced trial for punching a correctional officer in the eye. The violent nature of his past convictions justified the use of the officer escort.

## CONCLUSION

Because Davis was not physically restrained, and because Davis fails to convince us that the chain-clanging incident or officer escort unduly prejudiced him, we conclude that the district court's decision to deny Davis's § 2254 habeas petition was not reasonably debatable. For those reasons, we deny Davis's request for a COA and dismiss his case.

Entered for the Court

Gregory A. Phillips
Circuit Judge